BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUN 12 1974

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE EQUITY FUNDING CORPORATION
OF AMERICA SECURITIES LITIGATION

DOCKET NO. 142

WILLIAM H. BECKER, JUDGE OF THE PANEL, Concurring

_____

CORRECTION ORDER

_____

The Concurring Opinion of Judge William H. Becker,
filed April 25, 1974, is amended as follows:

Page 2, lines 1, 2, and 3 are stricken and the following is
substituted therefor:

> the attribution to the majority of a "but for"
> rule, never formulated, enunciated or applied
> overtly or covertly, consciously or subcon-
> sciously  in any decision of the Panel.
> Except for

Page 2 is further amended by inserting the following footnote 2
after the words "been conducted to final judgments.2/"

> 2/  Panel member Chief Judge Joseph S. Lord III
> presided with distinction at the trial of the
> first pilot case which began on March 16, 1964,
> and concluded with a jury verdict on June 2, 1964.

Page 7, lines 6 and 7 of indented material at bottom of page.
The words "section 1407 pretrial proceedings" are stricken
and "their transfer to Philadelphia"  is inserted.

Corrected pages 2 and 7 are attached hereto.

FOR THE PANEL:

_____
Alfred P. Murrah
Chairman

the attribution to the majority of a "but for" rule,

never formulated, enunciated or applied overtly or

covertly, consciously or subconsciously  in any decision

of the Panel.  Except for correcting the inacurrate

historical reference to the electrical equipment private

antitrust cases, the comment will be limited.

The History of the
Electrical Equipment Litigation

In fairness to the able advocates and judges who

processed this electrical equipment litigation in coopera-

tion with the Co-Ordinating Committee for Multiple Litigation,

it is noted that the Co-Ordinating Committee did much more

in the electrical equipment cases than that stated in the

minority opinion.  The minority opinion states that "In a

relatively short time the Committee settled 25,000 claims

in 1,900 actions filed in 36 districts."  The facts are

that the Co-Ordinating Committee did not settle any cases.

The parties settled the cases after (1) most of them had

been prepared for trial through a national pretrial program

of discovery and pretrial, (2) many appellate decisions on

vital legal questions had been secured, and (3) full trials

in a substantial number of representative pilot cases had

been conducted to final judgments.[2]  In the course of the

_____

2/  Panel member Chief Judge Joseph S. Lord III presided
with distinction at the trial of the first pilot case which
began on March 16, 1964, and concluded with a jury verdict
on June 2, 1964.

- 3 -

efforts between the <u>Block</u> action and the previously transferred actions.  In addition, the participation of the <u>Block</u> parties in such proceedings will insure the just and efficient termination of the <u>Block</u> action.  A separate discovery schedule concerning claims unique to the <u>Block</u> action may be appropriately established by the transferee court and it may proceed concurrently with the common discovery.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled <u>Edward M. Block, et al. v. Equity Funding Life Insurance Company, et al.</u>, D. Massachusetts, Civil Action No. 74-4227-T, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

DOCKET NO. 142

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE EQUITY FUNDING CORPORATION
OF AMERICA SECURITIES LITIGATION

DEC 11 1973

## ORDER

The Panel having found, upon the basis of the papers submitted and the hearing held, that the actions listed on the attached Schedule A involve common questions of fact and that transfer of these actions to the Central District of California for coordinated or consolidated pretrial proceedings would serve the convenience of the parties and witnesses and would further the just and efficient conduct of the litigation,

IT IS ORDERED that all actions on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the actions pending in that district and listed on Schedule A.

A full opinion and order embodying the above decision will be filed upon final preparation.

FOR THE PANEL:

Alfred P. Murrah
Chairman

SCHEDULE A                                    DOCKET NO. 142

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anne Oringer, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-705-MML |
| Anne Oringer, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-706-MML |
| May Miller, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-707-MML |
| Michael Zucker, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-708-MML |
| Simon Singer, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-717-MML |
| David M. Stern, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-735-MML |
| Shigeo Matsuhara, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-741-MML |
| Hy Hacker, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-742-MML |
| Hy Hacker, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-743-MML |
| Sylvia Consino, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-753-MML |
| Jerry Goldstein, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-754-MML |
| Stanley Ferber v. Stanley Goldblum, et al. | Civil Action No. C-73-756-MML |
| Isidore Miller, et al. v. Stanley Goldblum, et al. (*) | Civil Action No. C-73-784-MML |
| Franz Paul, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-797-MML |

(*)  Dismissed by Judge Lucas on July 2, 1973.

SCHEDULE A                    - 2 -                    DOCKET NO. 142

## CENTRAL DISTRICT OF CALIFORNIA (CONTINUED)

| | |
|---|---|
| Sue Cholondenko, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-808-MML |
| Martin B. Nimkoff, et al. v. Stanley Goldblum, et al. | Civil Action No. C-73-832-MML |
| James N. Routh, etc. v. Equity Funding Corp. of America, et al. (**) | Civil Action No. C-73-710-MML |
| Robert M. Loeffler, etc. v. Stanley Goldblum, et al. | Civil Action No. C-73-1034 |
| Securities & Exchange Commission v. Equity Funding Corp. of America | Civil Action No. C-73-714 |
| Merrill Lynch, Pierce, Fenner & Smith, Inc. v. H. Lynden Taylor Corp. | Civil Action No. 73-1188-CC |

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| May Miller, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1374 |
| Benjamin Messinger, etc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1390 |
| A. Bruce Rosow, etc. v. Equity Funding Corp. of America | Civil Action No. 73 Civ. 1396 |
| Michael W. Untermeyer, et al. v. Equity Funding Corp. of America | Civil Action No. 73 Civ. 1444 |
| Isidore Miller, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1466 |
| Betty Levine, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1475 |

(**)  Dismissed by Judge Lucas on April 16, 1973.

SCHEDULE A                    - 3 -                    DOCKET NO. 142

### SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

| | |
|---|---|
| Guy Michaels v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1485 |
| A. Richard Parkoff, etc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1528 |
| Nat Berens, et al. v. Bache & Co., Inc., et al. | Civil Action No. 73 Civ. 1604 |
| Pinetree Fund, Inc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1605 |
| Fidelity Corp. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1623 |
| Fidelity Corp. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1624 |
| Arnold Elkind v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1645 |
| Independent Investor Protective League v. Seidman & Seidman, et al. | Civil Action No. 73 Civ. 1957 |
| Independent Investor Protective League, etc. v. Raymond L. Dirks, et al. | Civil Action No. 73 Civ. 1519 |
| Salomon Brothers v. John W. Bristol & Co., et al. | Civil Action No. 73 Civ. 1556 |
| Nat Berens, et al. v. Fiduciary Trust Co. of New York, et al. | Civil Action No. 73 Civ. 1684 |
| Lawton General Corp., etc. v. The Boston Co., Inc.,et al. | Civil Action No. 73 Civ. 1691 |
| Arthur Rogosin, etc. v. Chemical Bank, et al. | Civil Action No. 73 Civ. 1885 |
| Independent Investor Protective League, etc. v. Seidman & Seidman, et al. | Civil Action No. 73 Civ. 1994 |

SCHEDULE A                    – 4 –              DOCKET NO. 142

## SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

| | |
|---|---|
| Lisadent, Inc. v. Delafield Childs Inc., et al. | Civil Action No. 73 Civ. 2032 |
| Russell J. Priskwaldo, etc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 2146 |
| Independent Investor Protective League, etc. v. Chemical Bank, et al. | Civil Action No. 73 Civ. 1551 |
| Jefferies & Co., Inc. v. Yura Arkus Duntov, et al. | Civil Action No. 73 Civ. 1407 |
| Guy Michaels v. The Boston Co., et al. | Civil Action No. 73 Civ. 1476 |
| Independent Investor Protective League v. New York Securities Co. | Civil Action No. 73 Civ. 2824 |
| Robert R. Felton v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 2201 |
| Max Israelson, et al. v. John W. Bristol, & Co., Inc., et al. | Civil Action No. 73 Civ. 2269 |
| Murray Gilbert, et al. v. Bankers Trust Co., et al. | Civil Action No. 73 Civ. 2453 |
| Edwards & Hanly, etc. v. The Boston Co., et al. | Civil Action No. 73 Civ. 2307 |
| Salomon Brothers v. The Savings and Profit Sharing Pension Fund of Sears, Roebuck & Co. | Civil Action No. 73 Civ. 2531 |
| Stanley Spielman, etc. v. Seidman and Seidman, et al. | Civil Action No. 73 Civ. 2603 |
| Independent Investor Protective League v. First National City Bank of New York, et al. | Civil Action No. 73 Civ. 2213 |

SCHEDULE A                    - 5 -                    DOCKET NO. 142

## SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

| | |
|---|---|
| Lawrence M. Weiner v. Oppenheimer & Co. | Civil Action No. 73 Civ. 2420 |
| Independent Investor Protective League, et al. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 3115 |
| Jonas M. L. Cohen, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 3255 |
| Irvin Davison v. Boston Co. Institutional Investors, Inc. | Civil Action No.73 Civ. 3256 |
| Kent M. Klineman, et al. v. Equity Funding Corp. of America | Civil Action No. 73 Civ. 3164 |
| Lowell S. Fink, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 3275 |
| Harold I. Cole v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 3314 |
| Alfred Grien, Trustee v. A. G. Becker & Co., et al. | Civil Action No. 73 Civ. 2946 |

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Millicent Jones, et al. v. Equity Funding Life Insurance Co., et al. | Civil Action No. 73 C 879 |
| Marc Gould, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 C 905 |
| F. J. Lunding, et al. v. Equity Funding Life Insurance Co., et al. | Civil Action No. 73 C 2018 |

SCHEDULE A                    – 6 –               DOCKET NO. 142

## DISTRICT OF MARYLAND

| | |
|---|---|
| Irvin Davison, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73-333-H |
| Jonas M. L. Cohen, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73-357-H |

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Selig, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. 73-845 |
| Merion Associates, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73-813 |

## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| John W. Dalton v. Goldman, Sachs & Co. | Civil Action No. 73-H-684 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE EQUITY FUNDING CORPORATION )
OF AMERICA SECURITIES LITIGATION ) DOCKET NO. 142

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

ALFRED P. MURRAH, CHAIRMAN, delivered the opinion of the Panel,
in which Judges Robson, Becker and Lord joined.  Judge Becker
filed a concurring opinion.  Judge Wisdom filed a dissenting
opinion, in which Judges Weinfeld and Weigel joined.

I. Background of Litigation

   This complex multidistrict litigation arises out of

the collapse of Equity Funding Corporation of America, a diversi-

fied financial services company based in California.  In the

latter part of March 1973 trading in Equity Funding's securities

was halted by the New York Stock Exchange and the Securities

and Exchange Commission.  Soon thereafter, in an action brought

by the SEC in the Central District of California, Equity Funding

consented to a decree enjoining the continuation of an alleged

scheme to defraud investors.  And the company is now in Chapter

X bankruptcy in that district. [1] Numerous civil actions,

involving in some respects the alleged fraud, have been filed

in different federal district courts throughout the country.

The majority of these actions are pending either in the Central

---

[1] The bankruptcy proceedings are assigned to the Honorable
Harry Pregerson of the Central District of California.

- 2 -

District of California [2/] or the Southern District of New York. [3/]

Defendant Seidman & Seidman, joined by numerous other parties, has moved to transfer all actions to the Central District of California for coordinated or consolidated pretrial proceedings. [4/] Practically all of the parties to the litigation favor coordinated or consolidated pretrial proceedings under Section 1407 in some form or to some extent. Some of the parties, however, insist on bifurcation of the litigation and transfer of certain groups of cases to the Southern District of New York where most of the actions comprising those groups are now pending.

The matter has been extensively briefed and twice orally argued. The real issue confronting us is whether all the litigation should be transferred to a single district and assigned

---

[2/]   The civil actions filed in the Central District of California have been assigned to the Honorable Malcolm M. Lucas.

[3/]   The civil actions filed in the Southern District of New York have been assigned to the Honorable Lee P. Gagliardi.

[4/]   In litigation of this magnitude it is not unusual that the moving party is not a "party" to all actions " in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate," 28 U.S.C. §1407(c)(ii). A purely literal reading of Section 1407 (c)(ii) suggests that a party may only move for transfer of an action in which it appears as a party. Such a narrow reading, however, is not consistent with the purposes and intent of the legislation. In any event, any argument challenging movant's right to request transfer of an action in which it does not appear as a party was disposed of by the Panel, which, on its own initiative, simply ordered all parties to actions arising out of the collapse of Equity Funding to show cause why those actions should not be transferred to a single district or districts for coordinated or consolidated pretrial proceedings under Section 1407.

to a single judge under Section 1407 or whether the litigation
should be bifurcated with two transferee forums.  For reasons
which we shall articulate, we have decided that the convenience
of the parties and witnesses and the just and efficient conduct
of the litigation can best be served by transfer of all of the
litigation to the Central District of California and, with the
consent of that court, assigned to the Honorable Malcolm M. Lucas
for coordinated or consolidated pretrial proceedings pursuant to
Section 1407.

II.   Litigation before the Panel

      A classification of the claims asserted in the litiga-
tion is essential to an understanding of the considerations which
prompt us to transfer all actions to one district and assign them
to one judge for Section 1407 treatment.

     A.   Primary or Underlying Fraud Claims

      The primary or underlying fraud claims relate to an
alleged scheme by Equity Funding and its subsidiaries to inflate
assets and earnings by, among other things, creating and selling
to reinsurers bogus life insurance policies in order to present
to the investing public an image of a successful, growing and
prosperous enterprise.  The alleged fraud, facilitated by the use
of computers, enabled Equity Funding to overstate its assets and
record non-existent assets, which eventually appeared in its
financial statements.  The defendants in the fraud actions
typically include Equity Funding, its officers, directors and
subsidiaries, and its accountants and auditors who prepared the
financial statements and reports which concealed the alleged fraud.

- 4 -

B.   Trading or So-Called "Tippee" Claims

These claims are asserted by purchasers of Equity
Funding's securities against parties who allegedly possessed
material, non-public information concerning Equity Funding and
traded in the securities of the corporation without making such
information generally available to the investing public.  Plain-
tiffs typically allege that in March 1973 a former Equity Funding
employee informed a securities analyst for a research oriented
brokerage firm that a massive fraud was being perpetrated at
the company; that the analyst conducted his own investigation and
passed the information he gathered to certain investors and agents
for investors in Equity Funding's securities; and that those in
possession of this inside information used it to their advantage
until trading in all securities of Equity Funding was suspended.
Plaintiffs also necessarily allege the facts of the primary or
underlying fraud.

Some of the complaints which contain trading or "tip-
pee" claims name as defendants not only parties which allegedly
traded securities when in possession of inside information but
also party-defendants to the primary fraud claims.

C.   Combination Primary Fraud-Trading Claims

Some of the complaints contain a single claim for
relief based upon allegations of both primary fraud and trading
on inside information.

D.   Underwriting Claims

These claims are asserted by purchasers of debentures
of Equity Funding and focus upon the financial statements

- 5 -

in the separate registration statements and prospectuses
disseminated with respect to the public offerings of the
debentures.   The claims necessarily contain allegations
relating to the underlying fraud at Equity Funding.

     E.   Rescission Claims

       Claims for rescission and damages are made arising
out of Equity Funding's acquisition of Bankers National Life
Insurance Company and Liberty Savings & Loan Association.
Plaintiffs were stockholders in the corporations at the time
of the acquisitions and received Equity Funding stock in exchange
for their shares.   They allege that the financial statements
used by Equity Funding in connection with the acquisitions
were false and misleading.   But included in plaintiffs' claim
for rescission are allegations concerning facts relevant to
the primary fraud.

     F.   Miscellaneous Claims

       1.   Contract Action

       This action involves a contractual dispute between
duPont, Glore Forgan and Federated Income and Private Placement
Fund concerning the sale of Equity Funding debentures. [5/]
DuPont, Glore Forgan alleges that Federated Income breached
its contract to purchase the debentures and misrepresented
its willingness to pay for them under all circumstances.
Clearly, this action has nothing in common with the other
actions and since no purpose would be served by transfer

---

5/   DuPont, Glore Forgan, Inc. v. Federated Income and Private
    Placement Fund, S.D.N.Y., Civil Action No. 73 Civ. 1683.

under Section 1407, it should remain in the Southern District of New York.

2.   Indenture Trustee Actions

Independent Investor Protective League has filed two actions in the Southern District of New York against the indenture trustees of the Equity Funding debentures, alleging that the trustee violated its fiduciary duties to protect the rights of the bondholders. [6/]   Plaintiff is opposed to transfer of either of the actions.  The complaints on their face, however, raise questions of fact common to the other actions and we find that these parties will to some extent benefit from participation in the coordinated or consolidated pretrial program in California.

3.   Broker-Dealer Actions

Individuals who purchased Equity Funding securities before trading was suspended have filed actions against their brokers and representative agents alleging violations of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. [7/]   These actions necessarily involve the primary fraud at Equity Funding and, in order to eliminate the possibility of duplicative discovery

[6/] Independent Investor Protective League, etc. v. Chemical Bank, et al., S.D.N.Y., Civil Action No. 73 Civ. 1551; Independent Investor Protective League, etc. v. First National City Bank, S.D.N.Y., Civil Action No. 73 Civ. 2213.

[7/] John W. Dalton v. Goldman, Sachs & Co., S.D. Texas, Civil Action No. 73-H-684; Alfred Grien, Trustee, v. A.G. Becker & Co., et al., S.D.N.Y., Civil Action No. 73 Civ. 2946; and Lawrence M. Wiener, et ux v. Oppenheimer & Co., et al., S.D.N.Y., Civil Action No. 73 Civ. 2420.

- 7 -

and inconvenience to the parties and witnesses, they
should be transferred to the Central District of Calif-
ornia and placed under the general supervision of the
transferee judge.[8/]   If separate treatment is warranted,
however, plaintiffs may address these arguments to the
transferee judge who may fashion a pretrial program
to suit the needs of these plaintiffs and, when appro-
priate, recommend to the Panel that the actions be re-
manded to their respective transferor courts for further
proceedings.

G.    Unified and Consolidated Complaints

Pursuant to pretrial orders entered in the
Central District of California and the Southern District
of New York, a set of unified and consolidated complaints
have been filed.  Plaintiffs in California have filed
a single unified and consolidated complaint containing
requests for definition of four separate classes encom-
passing the primary fraud, trading or tippee, underwriting
and rescission claims as described earlier.[9/]   In the

---

8/   Cf. In re Four Seasons Securities Laws Litigation,
     344 F.Supp. 1404 (J.P.M.L. 1972) and 352 F.Supp.
     962 (J.P.M.L. 1972).

9/   The California consolidated complaint contains
     Rule 23 class allegations with respect to the
     following described classes:

- 8 -

Southern District of New York, four separate consolidated

(1)   Open Market Purchasers:  All persons who purchased common stock, debentures, or warrants of Equity Funding Corporation of America, or its subsidiaries, on the open market beginning at least in 1964 and ending March 28, 1973, the exact period of time being unknown to plaintiffs because of the fraudulent concealment of the defendants, and who sustained damage as a result of the fraudulent practices and scheme hereinafter alleged.

(2)   Original Issue Purchasers:  All persons who purchased debentures issued by Equity Funding Corporation of America as described below, and who continue to hold said debentures and who sustained damages as a result of the fraudulent practices and scheme hereinafter alleged.

      (i)   a 5 1/2% debenture due 1991 offered by prospectus dated in 1971;

     (ii)   a 9 1/2% debenture due 1990 offered by prospectus dated in 1970; and

    (iii)   a 5 1/4% debenture issue, unlisted, issued by Equity Funding Capital Corporation and guaranteed by EFCA, due 1989.

(3)   Exchange of Stock Purchasers:  All persons who purchased securities of Equity Funding Corporation of America by exchanging stock owned in the two corporations noted below for said securities, and who were injured as a result of the fraudulent practices and scheme hereinafter alleged.

      (i)   Bankers National Life Insurance Company, ('Bankers'), said exchange taking place on or about October 12, 1971.

     (ii)   Liberty Savings & Loan Association, ('Liberty'), said exchange taking place on or about September 14, 1970.

(4)   March 1973 Security Purchasers:  All open market purchasers, or purchasers who relied on the open market price, of securities of Equity Funding Corporation of America without knowledge of the fraudulent practices and scheme hereinafter alleged between March 6, 1973, and March 28, 1973, and who sustained damage as a result of the fraudulent practices and scheme hereinafter alleged, and as a result of the acquisition, utilization, and dissemination of inside information by certain defendants regarding said fraudulent scheme as hereinafter alleged.

- 9 -

class action complaints have been filed.[10]   The alleged

classes as defined in the New York complaints overlap and

conflict with the class allegations in the California con-

solidated complaint.[11]

III.   The Question of Transfer

The parties favoring bifurcation suggest that the

primary fraud issue is only peripherally involved in the

trading, underwriting and rescission claims and that most

of the legal issues and discovery with respect to those

claims have nothing in common with the primary fraud claims.

They therefore argue that the primary fraud claims be trans-

ferred to the Central District of California and that the

trading or "tippee," underwriting and rescission claims be

transferred to the Southern District of New York for sep-

arate coordinated or consolidated pretrial proceedings.

---

[10]        (1)  A unified consolidated class action complaint
on behalf of trading class.
        (2)  A unified consolidated complaint in class
actions brought on behalf of former stockholders of
Bankers National Life Insurance Company.
        (3)  A unified consolidated complaint in under-
writing class actions.
        (4)  A unified consolidated complaint in fraud
and miscellaneous class actions.

[11]        For example, in the New York consolidated complaint
on behalf of the "trading class" no fewer than 14
separate class allegations are made, which conflict
not only with the California plaintiffs' alleged class
on behalf of "March 1973 Security Purchasers," but also
with other classes alleged in the California unified
and consolidated complaint.

- 10 -

We start with the proposition that the alleged primary
or underlying fraud actuates the entire litigation and, to some
extent at least, conditions the various plaintiffs' right to
recover in all of the actions.  The nature and quantum of proof
of the alleged primary fraud necessarily depends on and varies
with the legal theories of the cases.  Not all of the discover-
able proof is common to all actions.  For example, the trading,
underwriting and rescission claims may very well turn on
operative facts not distinctly relevant to the primary fraud
claims.  But even so it cannot be said that the alleged under-
lying fraud is entirely irrelevant or non-essential to the
establishment of each of the stated cases.  The allegations
as drafted speak loudly in that respect.  Indeed, as we have
seen for example, the facts of the primary fraud are carefully
pleaded in each of the counts contained in the unified consoli-
dated complaints filed in the Southern District of New York.

Our decision is necessarily based on the pleadings and
oral argument of counsel, whose statements of fact are under-
standably colored by their manifest interest in the locale
of the pretrial processing.  Defendants do not concede the
alleged fraud at Equity Funding and it must, of course, be
proven as pleaded.  We are governed by the facts as pleaded
and we cannot assume that they will be admitted.  The facts
of the primary fraud underlie and undergird each action.

- 11 -

This fact alone augurs for the transfer of all of the litigation to a single district under Section 1407.

   We know that proof in litigation of this kind consists primarily of documents and depositions.  And it is not the province of the Panel to determine the nature or quantum of proof relevant and discoverable by depositions and production of documents.  These decisions must necessarily be left to the transferee judge who has the power and the duty to organize the discovery program to prevent duplication and unnecessary inconvenience to the parties and witnesses.

### Coordinated or Consolidated Pretrial Proceedings

   The statute speaks in terms of transfer to "any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  Used in the disjunctive, the critical words denote different judicial functions.  They are indicative of the flexibility and resourcefulness implicit in the legislation.  They were undoubtedly intended to confer on a transferee judge the power to fashion the discovery program to accommodate the different facets and nuances of the litigation.  It is the province of the Panel to decide whether in the first instance the litigation should be _transferred_ for coordinated or consolidated pretrial proceedings.  It is the province of the transferee judge to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated. We have repeatedly declined to attempt to determine in what

way and to what extent the litigation should be coordinated or consolidated.  From the very beginning we have left that determination to the discretion of the transferee judge.

The concept of transferring actions, sharing one or more common questions of fact but resting upon different legal theories, to a single district and assigning them to the same judge is not new to the Panel.  We have always been at pains to leave the extent of coordination or consolidation to the ingenuity and resourcefulness of the transferee judge.  In the very beginning we were confronted with the problem of transfer of actions in the Plumbing Fixtures litigation, arising out of two alleged criminal conspiracies charged in two separate indictments.  See In re Plumbing Fixtures Cases, 295 F.Supp. 33 (J.P.M.L. 1968).  The so-called "short-line" defendants in that litigation objected to consolidated discovery proceedings on the ground that the civil actions were based upon separate conspiracies and that discovery would not be common to all cases.  And they argued that it would be prejudicial to coordinate their discovery with the other cases in which they were not parties and had no interest.  We recognized the separability of the alleged conspiracies, but we nevertheless transferred all the cases to one district ". . . leaving to the transferee judge the sole power to determine in his discretion the order and procedures for conducting separate pretrial proceedings in respect to the separate alleged conspiracies."

- 13 -

In two other notable groups of litigation we rejected suggested bifurcation, leaving the extent to which the transferred litigation should be coordinated or consolidated to the ingenuity and resourcefulness of the transferee judge. See In re Revenue Properties Company Securities Litigation, 309 F.Supp. 1002 (J.P.M.L. 1970), and In re Seeburg-Commonwealth United Merger Litigation, 312 F.Supp. 909 (J.P.M.L. 1970). In the latter case we noted that while the two groups of cases might be appropriate for bifurcated treatment they did involve sufficient commonality of fact to warrant transfer of all actions to a single district "to be conducted by a judge familiar with both groups of cases and sensitive to the needs and rights of all parties."  And we observed that:

> "The transferee judge may then consolidate and coordinate the pretrial proceedings in the two groups of cases to the extent he may deem consolidation or coordination desirable to serve the convenience of parties and witnesses and to promote the just and efficient conduct of such actions." In re Seeburg-Commonweath United Merger Litigation, 312 F.Supp. 909, 911 (J.P.M.L. 1970).

The parties favoring bifurcation suggest that the Penn Central litigation provides an ideal model for bifurcating these proceedings.  In that litigation we transferred all of the securities fraud litigation growing out of the financial difficulties of the Penn Central Transportation Company to the Eastern District of Pennsylvania 12/ and later ordered all actions arising from

---

12/   In re Penn Central Securities Litigation, 322 F.Supp. 1021 (J.P.M.L. 1971).

- 14 -

the sale of Penn Central commercial paper to the Southern Dis-
trict of New York. [13/]

We ordered separate coordinated or consolidated pretrial
proceedings for the commercial paper litigation because we found
that those cases rested upon a different set of primary facts
than those involved in the fraud actions in Philadelphia.
But we transferred the bondholder actions to the Eastern District
of Pennsylvania for coordinated or consolidated pretrial pro-
ceedings with the other fraud actions.  The bondholder plaintiffs
opposed transfer on the ground that they were proceeding only
against the underwriters and accountants who participated in
the issuance of the bonds and that their discovery would not be
common to the fraud actions.  We were not persuaded:

> "Although the extent of the factual overlap
> is not certain, it is sufficient to require
> these bond cases to be assigned with the
> other cases for pretrial purposes.  The
> bondholding plaintiffs may present their
> arguments for separate treatment to the
> transferee judge, who is given the discre-
> tion to decide the extent of coordination
> or consolidation desirable in cases assigned
> to him under Section 1407."  In re Penn
> Central Securities Litigation, 322 F.Supp.
> 1021, 1022-23 (J.P.M.L. 1971).

---

13/   In re Penn Central Commercial Paper Litigation, 325
      F.Supp. 309 (J.P.M.L. 1971).  It was the unique nature
      of commercial paper as well as the magnitude of the
      fraud litigation in Philadelphia which prompted us
      to order plaintiffs' claims for relief to a separate
      district for separate Section 1407 treatment.  Inasmuch
      as commercial paper is the unsecured equivalent of cash,
      it was clear to us that the claims for relief by holders
      of unsecured commercial paper were distinguishable from
      other conventional claims for relief by holders of
      conventional securities.

- 15 -

We think the reasons for transfer of the bond actions in the Penn Central litigation equally persuasive to support the transfer of all actions in this litigation to the Central District of California for coordinated or consolidated pretrial proceedings.

### Potential Conflict in Rule 23 Class Determinations

There is yet another highly persuasive if not compelling reason for transfer of all actions to a single judge. We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility for conflicting, inconsistent class determinations by courts of coordinate jurisdiction exists. [14/]   The complaints vary from the most precise and skillfully drafted documents depicting a high degree of legal artistry to what may be described as legal boilerplate. But a majority of the actions contain Rule 23 class allegations based upon the primary fraud. Facially at least the potentiality of inconsistent class determinations is readily apparent.

Because of the potential if not likely conflict of class action determinations, we think this litigation should be assigned to a single judge with the sole responsibility for making the class action determinations "as soon as practicable .. ..." See Fed. R. Civ. P. 23(c)(1). See also Manual for Complex Litigation, Part I, Section 1.40 (rev. ed. 1973).

---

[14/] See, e.g., In re Brown Company Securities Litigation, 325 F.Supp. 307,308 (J.P.M.L. 1971); In re Texas Gulf Sulphur Securities Litigation, 344 F.Supp. 1398, 1400 (J.P.M.L. 1972); In re Career Academy Antitrust Litigation, 342 F.Supp. 753, 754 (J.P.M.L. 1972); In re Plumbing Fixtures Cases, 298 F.Supp. 484, 493 (J.P.M.L. 1968).

- 16 -

The transferee judge, with all claims and all parties before him, will have a clear picture of the scope and complexity of the litigation, essential to making the class determinations.  Once the class decisions are made, he will then be in a position to ascertain the scope of discovery common to all actions and formulate a pretrial schedule responsive to the various demands of the litigants.  As Judge Wisdom observed in In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (J.P.M.L. 1971):[15]

> "Should conflicts concerning discovery objectives develop . . ., they may be presented to the transferee judge to decide the extent of the coordination or consolidation of pretrial proceedings." Id. at 223.

### The Meaning of Transfer of All Actions to a Single District

Transfer of all actions to California does not mean that all discovery proceedings will take place there.  There is no necessity for lawyers to travel across the continent to participate in pretrial discovery which has no bearing on their litigation.  Indeed, the Manual for Complex Litigation contains recommendations to protect a party disinterested in a particular aspect of discovery.[16]  Transfer does mean,

---

15/   Like the instant litigation, Four Seasons was also involved in a Chapter X reorganization under the bankruptcy laws in the transferee court.

16/   See, e.g., Manual for Complex Litigation, Part I, Section 2.31 (rev. ed. 1973).

however, that the responsibility for determining what discovery
is common and what is independently irrelevant to the stated
theories and issues rests in a single judge who, with an over-
all perspective of the entire litigation and the cooperation
of counsel, can schedule the discovery to minimize the expense
to the parties and maximize the just and expeditious termina-
tion of the litigation.

We are well aware of the burdens this litigation will
impose upon the transferee court.  But we are equipped to
provide assistance and it is precisely in this context that
we can demonstrate the flexibility and resourcefulness of
Section 1407, while at the same time providing for complete
control over all aspects of this litigation.  The Panel is
authorized under the statute to provide deposition judges to
assist the transferee court.  28 U.S.C. § 1407(b).  Inasmuch
as the actions presently pending in New York are all assigned
to Judge Gagliardi, who will presumably be responsible for
them if remanded by the Panel at or before the conclusion
of the pretrial proceedings, he may very well preside over the
depositional discovery which will necessarily take place in
New York.  In this way, he will be familiarized with the issues
and nature of the evidence involved in the event the actions
or certain claims are remanded to him for further proceedings.

Furthermore, the flexibility of the statute empowers
the Panel to "separate any claim, cross-claim, counterclaim
or third party claim and remand any of such claims before

the remainder of the action is remanded." 28 U.S.C. § 1407(a).
Once the parties have succeeded in obtaining the necessary
discovery of the alleged underlying fraud, the transferee
judge may in his discretion conclude that certain claims are
appropriate for remand by the Panel. Thus, claims outside the
mainstream of the over-all litigation may successfully be
brought to conclusion with a minimum of delay and expense
to the parties while at the same time reserving to a single
judge the efficient administration so important to an expedi-
tious termination of the complete litigation.

IV.   Selection of the Transferee Forum

Virtually all parties concede that the Central District
of California is the most appropriate transferee forum for
the primary or underlying fraud claims.  We agree and, further-
more, conclude that it is the most appropriate transferee dis-
trict for all the litigation.  The documents and the majority
of the witnesses relevant to the alleged underlying fraud at
Equity Funding, as well as the Chapter X bankruptcy proceed-
ings, are located within that district.  On balance, we find
that transfer of all of these actions to the Central District
of California will best serve the convenience of the majority
of the parties and witnesses and promote the just and efficient
conduct of the litigation.

IT IS THEREFORE ORDERED that all actions on the attached
Schedule A pending in districts other than the Central District

of California be, and the same hereby are, transferred to
that district and, with the consent of that court, assigned
to the Honorable Malcolm M. Lucas for coordinated or con-
solidated pretrial proceedings pursuant to 28 U.S.C. § 1407
with the actions pending in that district and listed on
Schedule A.

SCHEDULE A                                              DOCKET NO. 142

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anne Oringer, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-705-MML |
| Anne Oringer, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-706-MML |
| May Miller, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-707-MML |
| Michael Zucker, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-708-MML |
| Simon Singer, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-717-MML |
| David M. Stern, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-735-MML |
| Shigeo Matsuhara, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-741-MML |
| Hy Hacker, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-742-MML |
| Hy Hacker, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-743-MML |
| Sylvia Consino, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-753-MML |
| Jerry Goldstein, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-754-MML |
| Stanley Ferber v. Stanley Goldblum, et al. | Civil Action No. C-73-756-MML |
| Isidore Miller, et al. v. Stanley Goldblum, et al. (*) | Civil Action No. C-73-784-MML |
| Franz Paul, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-797-MML |

(*)  Dismissed by Judge Lucas on July 2, 1973.

SCHEDULE A                    - 2 -                DOCKET NO. 142

## CENTRAL DISTRICT OF CALIFORNIA (CONTINUED)

| | |
|---|---|
| Sue Cholondenko, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. C-73-808-MML |
| Martin B. Nimkoff, et al. v. Stanley Goldblum, et al. | Civil Action No. C-73-832-MML |
| James N. Routh, etc. v. Equity Funding Corp. of America, et al. (**) | Civil Action No. C-73-710-MML |
| Robert M. Loeffler, etc. v. Stanley Goldblum, et al. | Civil Action No. C-73-1034 |
| Securities & Exchange Commission v. Equity Funding Corp. of America | Civil Action No. C-73-714 |
| Merrill Lynch, Pierce, Fenner & Smith, Inc. v. H. Lynden Taylor Corp. | Civil Action No. 73-1188-CC |

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| May Miller, et al. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1374 |
| Benjamin Messinger, etc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1390 |
| A. Bruce Rosow, etc. v. Equity Funding Corp. of America | Civil Action No. 73 Civ. 1396 |
| Michael W. Untermeyer, et al. v. Equity Funding Corp. of America | Civil Action No. 73 Civ. 1444 |
| Isidore Miller, et al. v. Equity Funding Corp. of America, et. al. | Civil Action No. 73 Civ. 1466 |
| Betty Levine, etc. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1475 |

(**)  Dismissed by Judge Lucas on April 16, 1973.

SCHEDULE A                    - 3 -              DOCKET NO. 142

## SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

| | |
|---|---|
| Guy Michaels v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1485 |
| A. Richard Parkoff, etc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1528 |
| Nat Berens, et al. v. Bache & Co., Inc., et al. | Civil Action No. 73 Civ. 1604 |
| Pinetree Fund, Inc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1605 |
| Fidelity Corp. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1623 |
| Fidelity Corp. v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 1624 |
| Arnold Elkind v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 1645 |
| Independent Investor Protective League v. Seidman & Seidman, et al. | Civil Action No. 73 Civ. 1957 |
| Independent Investor Protective League, etc. v. Raymond L. Dirks, et al. | Civil Action No. 73 Civ. 1519 |
| Salomon Brothers v. John W. Bristol & Co., et al. | Civil Action No. 73 Civ. 1556 |
| Nat Berens, et al. v. Fiduciary Trust Co. of New York, et al. | Civil Action No. 73 Civ. 1684 |
| Lawton General Corp., etc. v. The Boston Co., Inc.,et al. | Civil Action No. 73 Civ. 1691 |
| Arthur Rogosin, etc. v. Chemical Bank, et al. | Civil Action No. 73 Civ. 1885 |
| Independent Investor Protective League, etc. v. Seidman & Seidman, et al. | Civil Action No. 73 Civ. 1994 |

SCHEDULE A                    - 4 -                    DOCKET NO. 142

### SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

| | |
|---|---|
| Lisadent, Inc. v. Delafield Childs Inc., et al. | Civil Action No. 73 Civ. 2032 |
| Russell J. Priskwaldo, etc. v. Stanley Goldblum, et al. | Civil Action No. 73 Civ. 2146 |
| Independent Investor Protective League, etc. v. Chemical Bank, et al. | Civil Action No. 73 Civ. 1551 |
| Jefferies & Co., Inc. v. Yura Arkus Duntov, et al. | Civil Action No. 73 Civ. 1407 |
| Guy Michaels v. The Boston Co., et al. | Civil Action No. 73 Civ. 1476 |
| Independent Investor Protective League v. New York Securities Co. | Civil Action No. 73 Civ. 2824 |
| Robert R. Felton v. Equity Funding Corp. of America, et al. | Civil Action No. 73 Civ. 2201 |
| Max Israelson, et al. v. John W. Bristol, & Co., Inc., et al. | Civil Action No. 73 Civ. 2269 |
| Murray Gilbert, et al. v. Bankers Trust Co., et al. | Civil Action No. 73 Civ. 2453 |
| Edwards & Hanly, etc. v. The Boston Co., et al. | Civil Action No. 73 Civ. 2307 |
| Salomon Brothers v. The Savings and Profit Sharing Pension Fund of Sears, Roebuck & Co. | Civil Action No. 73 Civ. 2531 |
| Stanley Spielman, etc. v. Seidman and Seidman, et al. | Civil Action No. 73 Civ. 2603 |
| Independent Investor Protective League v. First National City Bank of New York, et al. | Civil Action No. 73 Civ. 2213 |

SCHEDULE A                    - 5 -              DOCKET NO. 142

## SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

| | |
|---|---|
| Lawrence M. Weiner v. Oppenheimer & Co. | Civil Action<br>No. 73 Civ 2420 |
| Independent Investor Protective League,<br>et al. v. Stanley Goldblum, et al. | Civil Action<br>No. 73 Civ. 3115 |
| Jonas M. L. Cohen, etc. v. Equity Funding<br>Corp. of America, et al. | Civil Action<br>No. 73 Civ. 3255 |
| Irvin Davison v. Boston Co. Institutional<br>Investors, Inc. | Civil Action<br>No.73 Civ. 3256 |
| Kent M. Klineman, et al. v. Equity Funding<br>Corp. of America | Civil Action<br>No. 73 Civ. 3164 |
| Lowell S. Fink, etc. v. Equity Funding<br>Corp. of America, et al. | Civil Action<br>No. 73 Civ. 3275 |
| Harold I. Cole v. Equity Funding Corp. of<br>America, et al. | Civil Action<br>No. 73 Civ. 3314 |
| Alfred Grien, Trustee v. A. G. Becker<br>& Co., et al. | Civil Action<br>No. 73 Civ. 2946 |

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Millicent Jones, et al. v. Equity Funding<br>Life Insurance Co., et al. | Civil Action<br>No. 73 C 879 |
| Marc Gould, et al. v. Equity Funding Corp.<br>of America, et al. | Civil Action<br>No. 73 C 905 |
| F. J. Lunding, et al. v. Equity Funding<br>Life Insurance Co., et al. | Civil Action<br>No. 73 C 2018 |

SCHEDULE A                    - 6 -              DOCKET NO. 142

## DISTRICT OF MARYLAND

Irvin Davison, etc. v. Equity Funding Corp.        Civil Action
of America, et al.                                 No. 73-333-H

Jonas M. L. Cohen, etc. v. Equity Funding          Civil Action
Corp. of America, et al.                           No. 73-357-H


## EASTERN DISTRICT OF PENNSYLVANIA

Robert Selig, et al. v. Equity Funding             Civil Action
Corp. of America, et al.                           No. 73-845

Merion Associates, etc. v. Equity Funding          Civil Action
Corp. of America, et al.                           No. 73-813


## SOUTHERN DISTRICT OF TEXAS

John W. Dalton v. Goldman, Sachs & Co.             Civil Action
                                                   No. 73-H-684

- 7 -

company.  They may also be banked like
checks.  See A. O. Greef, The Commercial
Paper House in the United States (1939).
The Columbia Encyclopedia, 3rd ed., p. 459,
Columbia University Press, 1963.

The exceptional nature of the paper, the exceptional

manner and purpose of its sale and purchase, and the alleged

concealment and misrepresentations of the seller made those

cases, pending in other districts, separable and transfer-

able to the Southern District of New York.  In a discrim-

inating decision (abjuring the mythical "but for" rule)

the Panel transferred the similar actions pending in other

districts to the Southern District of New York for processing

by the able and experienced Honorable David N. Edelstein,

now Chief Judge of that district.  In refusing to transfer

the commercial paper claims for relief pending in the

Southern District of New York to the Eastern District of

Pennsylvania, to which all other related Penn Central

securities actions had been transferred, the Panel said:

We conclude that the commercial paper
cases are sufficiently different from
the earlier cases that neither the
convenience of the parties and witnesses
nor the just and efficient conduct of
the litigation would be served by their
transfer to Philadelphia.  325 F. Supp.
309, 311 (J.P.M.L. 1971).

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB 20 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE EQUITY FUNDING CORPORATION )
OF AMERICA LITIGATION )
)
Edward M. Block, et al. v. Equity )
Funding Life Insurance Company, )   DOCKET NO. 142
et al., D. Mass., Civil Action )
No. 74-4227-T )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD
WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*,
AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

The Panel has previously transferred all actions in this

litigation to the Central District of California and, with the

consent of that court, assigned them to the Honorable Malcolm

M. Lucas for coordinated or consolidated pretrial proceedings

pursuant to 28 U.S.C. §1407. [1]   Since the above-captioned action

appeared to involve factual issues common to the previously

transferred actions, the Panel issued an order conditionally

transferring it to the Central District of California. [2]   Only

plaintiffs move to vacate the conditional transfer order.

We find that this tag-along action involves questions

of fact common to the actions previously transferred to the

Central District of California and that its transfer to that

district for coordinated or consolidated pretrial proceedings

pursuant to 28 U.S.C. §1407 will best serve the convenience of

---

*      Although Judges Lord and Weigel were unable to attend the
Panel hearing, they have, with the consent of all parties, partici-
pated in this decision.
[1]      In re Equity Funding Corporation of America Litigation,
375 F. Supp. 1378 (J.P.M.L. 1974).
[2]      Rule 12, R.P.J.P.M.L., 53 F.R.D. 119, 123 (1971).



## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

ROBERT A. SEEFRIED
EXECUTIVE ATTORNEY
ROBERT A. CAHN
J. VINCENT AUG, JR.

1030 15TH STREET, N.W.
320 EXECUTIVE BUILDING
WASHINGTON, D.C. 20005

JUN 1 2 1974

PATRICIA D. HOWARD
CLERK OF THE PANEL
TELEPHONE: 382-8601
AREA CODE-202

DOCKET NO. 142

TO ALL RECIPIENTS OF THE OPINIONS AND ORDERS IN THE
EQUITY FUNDING LITIGATION

The Concurring Opinion of Judge William H. Becker, filed
on April 25, 1974, has been amended.  I am enclosing a
correction order filed today with corrected pages 2 and 7
attached thereto.  Please make the appropriate page sub-
stitutions in your copy of the Opinion.

Very truly,

Patricia D. Howard
Clerk of the Panel

Enclosure

- 2 -

the parties and witnesses and promote the just and efficient
conduct of this litigation.

Plaintiffs instituted their action in a Massachusetts state
court alleging violations of the Massachusetts Uniform Securities
Act and Section 17(a) of the Securities Act of 1933. · Each plain-
tiff purportedly received a gift of 100 shares of Equity Funding
Corporation of America (EFCA) common stock and purchased $5,000
Fidelity Corporation bonds.  Plaintiffs were allegedly defrauded
by defendant EFCA's inducement to retain the stock they received
as a gift and injured by their sale of the Fidelity bonds with
a resulting monetary loss caused by EFCA's embezzlement of Fidel-
ity's assets.  Defendants subsequently removed this action to
federal court.  A motion by plaintiffs to remand this action
to state court was recently denied.

In support of their motion to vacate the conditional trans-
fer order, plaintiffs argue that no common factual questions
exist between this action and the previously transferred actions
because none of the transferred actions involves claimants who
are either gift recipients of EFCA securities or Fidelity bond-
holders.  We disagree.  A comparison of the Block complaint
with the unified and consolidated amended complaint filed in
the transferee district indicates that both contain similar
allegations focusing upon analogous violations of securities laws.
Thus, transfer of this action to the Central District of Cali-
fornia for coordinated or consolidated pretrial proceedings
pursuant to Section 1407 will eliminate duplication of discovery

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 16 1975

IN RE EQUITY FUNDING CORPORATION
OF AMERICA SECURITIES LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

Milton Littell v. Bache & Co., Inc.,
S.D. Tex., Civil Action No.
75-H-266

)
)
)
)
)
)
)

DOCKET NO. 142

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The Panel previously transferred all actions in this
litigation to the Central District of California and, with the
consent of that court, assigned them to the Honorable Malcolm
M. Lucas for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407. [1]  Since the above-captioned
action appeared to involve factual issues common to the prev-
iously transferred actions, the Panel issued an order condi-
tionally transferring it to the Central District of Califor-
nia. [2]  Plaintiff Littell moves the Panel for an order vacating

---

[1]  In re Equity Funding Corporation of America Securities
Litigation, 375 F. Supp. 1378 (J.P.M.L. 1974); 385 F. Supp.
1262 (J.P.M.L. 1974); ___ F. Supp. ___ (J.P.M.L., filed
February 20, 1975); ___F. Supp.___ (J.P.M.L., filed
May 22,, 1975).

[2]  Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975).

- 2 -

the conditional transfer order.   Defendant Bache & Co. opposes

the motion.

Upon consideration of the papers filed with the Panel,

we find that this tag-along action involves questions of fact

common to the actions previously transferred to the Central

District of California and that its transfer to that district

for coordinated or consolidated pretrial proceedings pursuant

to 28 U.S.C. §1407 will best serve the convenience of the parties

and witnesses and promote the just and efficient conduct of

this litigation. 3/

This action was instituted recently by Dr. Littell

in the Southern District of Texas against Bache, a securities

brokerage firm.   Plaintiff Littell claims that in February 1973,

a month before the Equity Funding debacle was disclosed to

the public, he purchased certain Equity Funding Corpora-

tion of America (EFCA) 9-1/2% debentures from defendant Bache,

the principal underwriter involved in the sale and distribu-

tion of these debentures.   The complaint contains allegations

that defendant violated the federal securities laws as both

an underwriter and a broker by failing to examine the financial

---

3/ The parties waived their right to oral argument and,
at their request, the question of transfer of
this action under Section 1407 was submitted on
the briefs.

- 3 -

stability of EFCA with due care at the time defendant promoted the sale of EFCA debentures to the public, which, in turn, caused material facts about EFCA to be misrepresented in and omitted from information disseminated by defendant.

In support of his motion to vacate the conditional transfer order, movant propounds arguments similarly asserted by other parties in opposition to previously transferred investor-broker actions. See, e.g., In re Equity Funding Corporation of America Securities Litigation, ___ F. Supp. ____, ____ (J.P.M.L., filed May 22, 1975). Principally, movant contends that his action is only peripherally related to the mainstream of the litigation in the transferee district and that its transfer would compel him to become unnecessarily involved in the massive pretrial proceedings being conducted there. Movant also argues that any information required in this action about the alleged fraud at EFCA has already been discovered by EFCA's bankruptcy trustee and revealed by him in explicit detail through published reports, which obviates any need for transfer. In addition, it is asserted that discovery regarding the allegedly unlawful activities of defendant Bache can easily be obtained via pre-trial proceedings in the Southern District of Texas.

- 4 -

Movant's arguments in opposition to transfer are unconvincing. A comparison of the complaint in <u>Littell</u> with the consolidated and unconsolidated complaints filed in the transferee court indicates that all of the pleadings contain like allegations pertaining to the underlying fraud at EFCA. And we have held before regarding investor-broker actions in this litigation that the commonality of factual issues arising from the need to determine whether fraud existed at EFCA dictates that these actions be included in the coordinated or consolidated pretrial proceedings. <u>See, e.g., In re Equity Funding Corporation of America  Securities Litigation</u>, 375 F. Supp. 1378, 1382 (J.P.M.L. 1974) and ___ F. Supp. ____, ____ (J.P.M.L., filed May 22, 1975). Nor are we persuaded that the bankruptcy trustee's reports will provide the sole source of discovery concerning the underlying fraud issues in <u>Littell</u> and also in all the actions presently before Judge Lucas. Furthermore, and very importantly, in <u>Littell</u> Bache is faced with charges that are substantially similar to those it confronts in several of the actions in the transferee district. Thus, transfer of this action under Section 1407

- 5 -

for inclusion in the ongoing proceedings is clearly necessary
in order to prevent duplicative pretrial efforts by the parties,
the witnesses and the judiciary.

Of course, the transferee judge is empowered to
establish a separate discovery schedule for any issues unique
to Littell and discovery on such issues can proceed concur-
rently with the other discovery in this litigation.  In re
Republic National-Realty Equities Securities Litigation, 382
F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the action entitled Milton Littell v. Bache & Co., Inc.,
S.D. Texas, Civil Action No. 75-H-266, be, and the same hereby
is, transferred to the Central District of California and, with
the consent of that court, assigned to the Honorable Malcolm
M. Lucas for coordinated or consolidated pretrial proceedings
with the actions previously transferred to that district.